UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00131-HBB

**KENNETH T.**[1]  **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Kenneth T. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The Plaintiff filed a Motion for Summary and Fact and Law Summary (DN 11). Defendant filed a Fact and Law Summary (DN 17). For the reasons that follow, the final decision of the Commissioner is **REVERSED and REMANDED** to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). By Order entered December 2, 2021 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

FINDINGS OF FACT

On April 25, 2019, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 15). Plaintiff alleged that he became disabled on June 15, 2017, as a result of bone pain, joint pain, foot pain, back pain, knee pain, shoulder pain, and high blood pressure (Tr. 15, 51-52, 62-63, 75-76, 87, 203-05). The application was denied initially on November 1, 2019, and upon reconsideration on January 14, 2020 (Tr. 15, 73, 74, 112). On February 13, 2020, Plaintiff filed a written request for a hearing (Tr. 15, 127).

On September 24, 2020, Administrative Law Judge Steven Collins ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances of the COVID-19 pandemic (Tr. 15, 26-50). Plaintiff and his attorney representative, Patrick House, were present on the line (Tr. 29-30). David Pritchard, an impartial vocational expert, testified during the hearing (Tr. 26, 30).

In a decision dated November 4, 2020, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-21). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 15, 2017, the alleged onset date (Tr. 17). At the second step, the ALJ determined that Plaintiff has the following medically determinable impairments: lumbar spondylosis, urinary tract infection, obesity, and hypertension (Id.). The ALJ also determined that Plaintiff's medically determinable impairments are "non-severe" impairments within the meaning of the regulations (Tr. 18). The ALJ found Plaintiff was not disabled from June 15, 2017, through the date of the ALJ's decision (Tr. 21).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 172-74). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).  At that point, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).  Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.  In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the second step.

1. <u>Arguments of the Parties</u>

Plaintiff argues that the ALJ erred with his finding of non-severity at the second step in the evaluation and his decision is not supported by substantial evidence. First, Plaintiff contends that the ALJ improperly discounted the objective evidence of Dr. Heath's opinion, the consultative examiner. Second, the ALJ improperly dismissed the State agency medical consultants' opinions which Plaintiff argues are consistent and supported by the record. Third, the ALJ erred by not properly considering Plaintiff's testimony that he did not seek more medical treatment or inform his primary care physician of his back pain in order not to have a high medical treatment bill. Fourth, the ALJ failed to properly consider that the State agency medical consultants found that Plaintiff's basic work activities would be limited in terms of lifting, carrying, standing, and walking. Plaintiff asserts the ALJ's decision is reversible error, and the Court should find him disabled.

Defendant argues that the ALJ's finding that Plaintiff has no severe impairment is supported by substantial evidence because the ALJ comprehensively reviewed the record. Defendant asserts that the ALJ did not err when dismissing the State agency medical consultants' opinions as unpersuasive because they based their opinions on Dr. Heath's opinion, which the ALJ also found unpersuasive because Dr. Heath's opinion was inconsistent with objective medical

findings as he relied on Plaintiff's complaints. To Plaintiff's subjective symptoms regarding his treatment history, Defendant argues that the ALJ did not err, pointing to hearing testimony where Plaintiff indicated his gap in treatment was due to medication efficacy, not his financial situation. Alternatively, Defendant claims that if the ALJ did err in considering Plaintiff's past medical treatment, it is not a harmful error "because the ALJ considered other factors in evaluating the intensity, persistence, and limiting effects of Plaintiff's symptoms" (DN 17, pp. 9). Lastly, Defendant asserts that an award of benefits would be improper as not all factual issues have been resolved and additional development would be needed to determine Plaintiff's RFC.

2. Discussion

The question before the Court is whether the Commissioner's decision, as reflected in the decision of the ALJ, is supported by substantial evidence. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Hum. Servs., 893 F.2d 106, 108 (6th Cir. 1989) (citing Mullen v. Sec'y of Health & Hum. Servs., 800 F.2d 535 (6th Cir. 1986). If the decision is supported by substantial evidence, then the Court may not even inquire whether the record could support a decision the other way. Smith, 893 F.2d at 108 (citing Crisp v. Sec'y of Health & Hum. Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986)). Substantial evidence is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. Smith, 893 F.2d at 108 (citing Richardson v. Perales, 402 U.S. 389 (1971)).

At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). The ALJ "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants as these

"consultants are highly qualified and experts in Social Security disability evaluation" according to the regulations. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

Plaintiff argues the ALJ erred when he found the State agency medical consultants' opinions were unpersuasive because the ALJ opined that they were not supported by the record. Plaintiff maintains that the opinions are consistent and supported by the record as they both relied on the objective evidence of the record. (DN 11-1, pp. 7-8). The undersigned finds that the ALJ did not properly consider the State agency medical consultants' findings as required by the regulations. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1). For the reasons that follow, substantial evidence in the record does not support the ALJ's finding that the State agency medical consultants' opinions are unpersuasive.

A review of the administrative record shows that, contrary to the ALJ's finding, the State agency medical consultants did not rely "heavily on the statements of the consultative medical examiner" (Tr. 20). Both at the initial and reconsideration levels, the State agency medical consultants reviewed multiple medical records from treating sources ("MERs") and neither appear to rely solely on the consultative examination opinion ("CE") of Dr. Heath in their determinations (Id. at 52-53, 76-77). This is seen at the initial level with the State agency medical consultant stating that Plaintiff's "[a]llegations are considered credible and consistent with available MER," (Id. at 58). Also at the initial level, the State agency medical consultant stated that Dr. Heath's opinion was "both supported and consistent with the majority of the evidence in the file and was determined to be more persuasive and was reflected in the findings in the RFC" (Id. at 56). The initial assessment appears to fit under the ALJ's reasoning; however, the administrative record shows that the ALJ inaccurately treated the initial and reconsideration level opinions as

7

interchangeable, despite their different findings. Due to this inaccuracy and for the following reasons, the ALJ's decision cannot be found to be supported by substantial evidence.

The ALJ did not recognize the substantial distinctions between the initial and reconsideration level opinions in his decision. First, a critical difference between the two State agency medical consultants is at the reconsideration level, in direct contrast to the initial level, the State agency medical consultant stated that Dr. Heath's opinion was inconsistent and unsupported by the record as "[Dr. Heath's] examining opinion relies heavily on [the] individual and is not consistent with the overall evidence" (Id. at 80). This is directly contrary to the reasoning the ALJ provided to find both State agency medical consultants' opinions unpersuasive. Further, the quoted language implies that the State agency medical consultant did not rely "heavily" on Dr. Heath's opinion, but instead only considered it to an extent along with the other medical objective evidence in the record and came to his own conclusions that were not consistent with Dr. Heath's imposed medical limitations.

Second, there is a distinction in the conclusions reached at the initial and reconsideration levels regarding Plaintiff's severe impairments. The initial State agency medical consultant found that there were two severe impairments: DDD (Disorders of Back-Discogenic and Degenerative) and Essential Hypertension (Id. at 55). At the reconsideration level, the State agency medical consultant found there were two severe impairments in DDD and Dysfunction–Major Joints as well as one non-severe impairment of Essential Hypertension (Id. at 79). Combined, these two differences between the initial and reconsideration opinions show the ALJ's decision was based on the assumption that the two opinions were interchangeable, causing his opinion to be unsupported by substantial evidence.

Additionally, the record shows that both State agency medical consultants did not "heavily" rely on Dr. Heath's opinion because Dr. Heath's limitations are not completely compatible with the RFC developed by the State agency medical consultants at both levels of consideration (Id. at 20). The State agency medical consultants did not craft their RFC in complete reliance to Dr. Heath's conclusion as the ALJ opines (Id.). Dr. Heath's recommended limitation is more restrictive than the one provided by the State agency medical consultants, as Dr. Heath states that Plaintiff "is likely limited in standing <30min, walking <1 block, and lifting/carrying objects due to exacerbation of symptoms" (Id. at 264). Compared to the RFC at both the initial and reconsideration levels, where the State agency medical consultants found Plaintiff's exertional limitations to be to "Stand and/or walk (with normal breaks) for a total of: About 6 hours in an 8-hour workday" and "Occasionally . . . lift and/or carry (including upward pulling): 20 pounds," this disparity shows that the State agency medical consultants did not rely "heavily" on Dr. Heath's opinion in constructing their finding (Id. at 56, 80, 20).

As the undersigned finds that the ALJ's decision is not supported by substantial evidence for the aforementioned reasons, the Court will not address Plaintiff's or Defendant's remaining arguments.

Sentence four of 42 U.S.C. § 405(g) authorizes a post judgment remand. Under sentence four, the court makes a final judgment (e.g., affirming, reversing, or modifying the final decision of the Commissioner) and remands the case to the Commissioner with instructions to consider additional evidence and/or conduct additional proceedings to remedy a defect in the original proceedings. Faucher v. Sec'y of Health & Hum. Servs., 17 F.3d 171, 175 (6th Cir. 1994). "[A] sentence-four remand is based upon a determination that the Commissioner erred in some respect

in reaching the decision to deny benefits." <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 (11 Cir. 1996). Here, for the above stated reasons, the final decision of the Commissioner will be reversed, and the case will be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED and this matter is REMANDED** to the Commissioner for further proceedings consistent with the Memorandum Opinion and Order. The Commissioner will be free to evaluate any other issues at that time as well. This is a final and appealable Order and there is no just cause for delay.

November 1, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel of Record